IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL COOPER, | : | |
|     Plaintiff | : | |
| | : | No. 1:20-cv-2430 |
| v. | : | |
| | : | (Judge Kane) |
| UNIT MANAGER MILLER, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court are a number of motions that have been filed by pro se Plaintiff Jamil Cooper ("Plaintiff"). In those motions, Plaintiff seeks, inter alia, to compel discovery from Defendants, to conduct their oral depositions by video recorder, to be granted a temporary restraining order against them, and to impose sanctions upon their counsel. (Doc. Nos. 66, 67, 81, 100, 101, 103, 108, 115, 116, 127, 137.) The Court will address two (2) of these motions below. (Doc. Nos. 81, 100.) Plaintiff's remaining motions will be addressed at a later date. (Doc. Nos. 66, 67, 101, 103, 108, 115, 116, 127, 137.)

**I.   BACKGROUND**

On December 29, 2020, Plaintiff, who is currently incarcerated at the State Correctional Institution in Bellefonte, Pennsylvania ("SCI-Rockview"), commenced this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 against a plethora of Defendants, including five (5) unidentified individuals. (Doc. No. 1.) In an Order dated February 8, 2021, the Court granted Plaintiff leave to proceed in forma pauperis and directed service of his complaint upon the named Defendants. (Doc. No. 7.) All of the identified Defendants waived service on March 9, 2021. (Doc. No. 10.)

Plaintiff subsequently filed a "motion to serve additional interrogatories to Defendant John Wetzel" (Doc. No. 12) and a "motion for enlargement of time to serve complaint" (Doc.

No. 13), seeking to learn the names of the unidentified Defendants and requesting a sixty (60)-day extension of time to locate those unidentified Defendants and effectuate service of the complaint on them. In an Order dated March 23, 2021, the Court granted both of Plaintiff's motions. (Doc. No. 14.)

On April 8, 2021, the named Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. No. 15.) Plaintiff subsequently filed a motion for an extension of time to file an amended complaint to identify the remaining unnamed Defendants. (Doc. No. 19.) The Court granted Plaintiff's motion (Doc. No. 20), and on June 1, 2021, Plaintiff filed a motion to amend (Doc. No. 23), along with his proposed amended complaint (Doc. No. 23-2). On June 14, 2021, the Court granted Plaintiff's motion to amend and directed the Clerk of Court to docket Plaintiff's proposed amended complaint and exhibits as a separate docket entry in this matter. (Doc. No. 28.) In addition, the Court denied, as moot, Defendants' motion to dismiss Plaintiff's original complaint. (Id.)

Thus, Plaintiff is now proceeding on an amended complaint, wherein he asserts violations of his First, Eighth, and Fourteenth Amendment rights, as well as a tort negligence claim, based upon the conditions of his confinement and allegations of retaliation and due process violations at SCI-Rockview. (Doc. No. 29 ¶¶ 143-76.) Named as Defendants are the following employees of the Pennsylvania Department of Corrections: Unit Manager Miller; John Wetzel; Major Haldeman; Deputy Superintendent Houser; Safety Manager Breese; Sergeant Watson; Program Manager T. Miller; Food Service Manager Weaver; Facility Maintenance Manager Sampsel; Unit Manager D.A. Kuhn; Superintendent Mark Garman; Deputy Superintendent McMahon; Grievance Coordinator Brubaker; and Corrections Officers McClellan, Newpher, Kachik, Narehood, Fultz, Holdren, and Eyer. (Id. at ¶¶ 5-71.)

In response to the amended complaint, Defendants filed motions to dismiss. (Doc. Nos. 36, 56.) In a Memorandum and Order dated November 3, 2021 (Doc. Nos. 71, 72), the Court, inter alia, granted in part and denied in part Defendants' motions to dismiss (Doc. Nos. 36, 56). Specifically, the Court granted Defendants' motions with respect to: (1) Plaintiff's § 1983 claims against Defendants Wetzel and Garman; (2) Plaintiff's claims against Defendants Brubaker, McMahon, Houser, and T. Miller regarding the handling of his grievances and misconduct appeals; and (3) Plaintiff's Fourteenth Amendment due process claim regarding the loss of property. (Doc. Nos. 71, 72.) However, the Court denied Defendants' motions with respect to all other claims asserted by Plaintiff. (Id.) The Court also denied, as moot, Defendants' motion to stay discovery (Doc. No. 57). (Doc. Nos. 71, 72.)

On November 17, 2021, Defendants filed their answer (Doc. No. 77) to Plaintiff's amended complaint, establishing a close of discovery date of May 17, 2022. See (Doc. No. 72 (ordering that the parties complete discovery within six months of the date on which Defendants file their answer)).

Currently pending before the Court are, as noted above, a number of motions that have been filed by Plaintiff. In those motions, Plaintiff seeks, inter alia, to compel discovery from Defendants, to conduct their oral depositions by video recorder, to be granted a temporary restraining order against them, and to impose sanctions upon their counsel. (Doc. Nos. 66, 67, 81, 100, 101, 103, 108, 115, 116, 127, 137.) The Court will address two (2) of those motions below. (Doc. Nos. 81, 100.) Plaintiff's remaining motions will be addressed at a later date. (Doc. Nos. 66, 67, 101, 103, 108, 115, 116, 127, 137.)

II.   DISCUSSION

    A.   **Motion to Conduct Oral Depositions by Video Recorder (Doc. No. 81)**

On November 22, 2021, Plaintiff filed a motion to conduct oral depositions of Defendants by video recorder, along with a brief in support and a reply brief.[1]  (Doc. Nos. 81, 82, 118.)  Plaintiff seeks an order from the Court that would allow him to conduct these depositions at SCI-Rockview.  (Doc. No. 82 at 1.)   Plaintiff also requests, inter alia, that Ms. Anne Glaser ("Ms. Glaser") of the Pennsylvania Prison Society be present for each deposition and that she be permitted to bring "recording equipment"—that is, a "camcorder[,] charger, batteries and USB chips to store recordings[.]" (Id.)

Defendants, however, have opposed Plaintiff's request to conduct these depositions. (Doc. No. 111.)  Defendants argue that it is the responsibility of a plaintiff, including a pro se prisoner like Plaintiff, to pay for the costs of the depositions that he seeks to take.  (Id. at 3.) Defendants contend, however, that Plaintiff has not informed the Court of how he will obtain or pay for a court reporter.  (Id.)  Thus, Defendants contend that, absent any indication Plaintiff can comply with Rule 30 of the Federal Rules, his motion should be denied.  See (id. at 3-7).

Defendants are correct that, in order for Plaintiff to take their oral depositions, he must comply with the requirements of Rule 30 of the Federal Rules.  That Rule governs depositions by oral examination, and it sets forth when a party is required to obtain leave of court to take such depositions.  See Fed. R. Civ. P. 30.  In relevant part, the Rule provides that a party must obtain leave "if the parties have not stipulated to the deposition and[,] . . . the deposition would result in more than 10 depositions being taken under this [R]ule or Rule 31[.]"  See id. at 30(a)(2).

---

[1]  Plaintiff does not seek to depose Defendants John Wetzel or Grievance Coordinator Brubaker. (Doc. No. 82 at 2.)

4

Plaintiff, as stated above, has sought leave of Court to take Defendants' depositions. (Doc. No. 81.) This was appropriate, as Defendants have not stipulated to these depositions (Doc. 111), and Plaintiff seeks to take eighteen (18) depositions in total (Doc. No. 82 at 2). The critical inquiry, therefore, is whether Plaintiff should be granted leave, under the circumstances of this case, to take the videotaped depositions of Defendants.

Under both the Federal Rules and the Local Rules of Court, a deposition may be recorded by videotape. See Fed. R. Civ. P. 30(b)(3)(A); M.D. Pa. L.R. 30.2. And, although videotaped depositions are permitted, the Court recognizes that "[t]he noticing party bears the recording costs[.]" See Fed. R. Civ. P. 30(b)(3)(A). The Court also recognizes that, under the Commentary to Rule 30 of the Federal Rules, a transcript of these depositions "will be required by Rule 26(a)(3)(B) and Rule 32(c)" if any of the depositions will later be offered as evidence during this litigation on either a dispositive motion under Rule 56 or at trial. See Notes of Advisory Committee on Rules, 1993 Amendment. Moreover, "[o]bjections to the nonstenographic recording of a deposition, when warranted by the circumstances, can be presented to the court[.]" See id.[2]

Thus, while Plaintiff alleges that Ms. Glaser is willing to assist him by video recording the depositions of Defendants, Plaintiff has not addressed if he intends to cover the costs of the deposition transcripts or how he would ultimately bear those costs. The case law is clear, however, that these types of litigation expenses are not excused for litigants, like Plaintiff, who are proceeding in forma pauperis. See Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There

---

[2] Although neither party has cited to Local Rule 30.4, it states that "[a] stenographic transcript of [a videotaped] deposition shall not be required, **unless**, upon motion of any party, or sua sponte, the court so directs, and apportions the cost of same among the parties as appropriate." See M.D. Pa. L.R. 30.4 (emphasis added). Here, not only have Defendants opposed Plaintiff's motion to take their depositions, but the Court is also authorized to require a transcript of the depositions.

is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." (citation omitted)).

Moreover, courts in the Middle District of Pennsylvania have, consistent with Tabron, routinely denied placing the burden of those costs on the Court and/or the defendants in the litigation.  See Forrest v. Wetzel, No. 17-cv-1777, 2021 WL 1614810, at *4 (M.D. Pa. Apr. 23, 2021), appeal dismissed, No. 21-1903, 2021 WL 5467059 (3d Cir. Aug. 10, 2021) (stating that "[plaintiff] [was] not entitled to a free copy [of a deposition] at either the court or [d]efendants' expense"); Holmes v. PA Dep't of Corr., No. 17-cv-1567, 2019 WL 4412811, at *2 (M.D. Pa. Sept. 16, 2019) (denying plaintiff's request for Defendants to provide him with "gratis copies" of responsive documents); Singleton v. Beadle, No. 17-cv-220, 2019 WL 168342, at *2 (M.D. Pa. Jan. 10, 2019) (denying plaintiff's request for "free copies" of records, and stating that "it is well-settled that litigants generally bear their own litigation expenses" (citing Tabron, 6 F.3d at 159; Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987)); McAllister v. Weikel, No. 12-cv-2273, 2015 WL 3953048, at *3 (M.D. Pa. June 29, 2015) (denying plaintiff's request that the court order defendants to pay for copying costs, and explaining that "[n]umerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery, and have refused such requests" (citing Tabron, 6 F.3d at 159)); Sutton v. Cerullo, No. 10-cv-1899, 2015 WL 728473, at *4-5 (M.D. Pa. Feb. 19, 2015) (denying plaintiff's request for "free copies of his records[,]" and stating that, "[a]lthough [p]laintiff is proceeding in forma pauperis, there is no statutory authority permitting the court to direct that his discovery expenses be paid on his behalf").

Thus, for all of these reasons, the Court will deny Plaintiff's motion to depose Defendants. (Doc. No. 81.) The Court will, however, allow Plaintiff to renew his motion upon a showing that he is willing and able to pay for the costs associated with conducting the depositions. If Plaintiff is unwilling or unable to make this showing, then Plaintiff is reminded that he may still serve Defendants with interrogatories pursuant to Rule 33 of the Federal Rules, see Fed. R. Civ. P. 33, which, as reflected by the Court's docket, is a method of discovery that Plaintiff has already utilized in this litigation.

Finally, while taking Defendants' depositions by written questions is also available to Plaintiff under Rule 31 of the Federal Rules, Plaintiff is advised that he would still be required to comply with the procedures for doing so, including arranging and paying for an officer to take the testimony of the deponents and prepare and certify their depositions. See Fed. R. Civ. P. 31(b). Because Plaintiff seeks to depose eighteen (18) Defendants in this matter, the Court cautions him that the costs of taking these depositions, whether by oral or written questions, will surely be significant.

### B.  Motion for Extension of Time to File a Motion for Reconsideration or Notice of Appeal (Doc. No. 100) and Motion for Reconsideration (Doc. No. 101)

On December 30, 2021, Plaintiff filed a motion for an extension of time to file a motion for reconsideration or, in the alternative, a notice of appeal. (Doc. No. 100.) On January 6, 2022, Plaintiff filed a motion for reconsideration (Doc. No. 101) of the Court's Memorandum and Order, dated December 7, 2021 (Doc. Nos. 96, 97), along with a brief in support of his motion (Doc. No. 102). Then, on January 19, 2022, Defendants filed a motion for an extension of time to file a brief in opposition to Plaintiff's motion for reconsideration. (Doc. No. 104.) The Court granted that motion the following day and directed Defendants to file their brief on or before February 25, 2022. (Doc. No. 105.)

Considering that Plaintiff filed his motion for reconsideration and that the Court granted Defendants an extension of time to respond to that motion, the Court will deny, as moot, Plaintiff's motion for an extension of time to file a motion for reconsideration. (Doc. No. 100.) However, the Court will address Plaintiff's pending motion for reconsideration at a later date. (Doc. No. 101.)

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motions to conduct oral depositions of Defendants (Doc. No 81) and for an extension of time to file a motion for reconsideration (Doc. No. 100) will be denied. Plaintiff's remaining motions (Doc. Nos. 66, 67, 101, 103, 108, 115, 116, 127, 137) will be addressed at a later date. An appropriate Order follows.