IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIL COOPER,
PLAINTIFF

VS.

UNIT MANAGER MILLER, et al
DEFENDANTS

FILED
HARRISBURG, PA
DEC 26 2024
PER _____
DEPUTY CLERK

NO: 20-CV-2430

JUDGE Yvette Kane

Jury Trial By Demand

**PLAINTIFF'S COUNTER STATEMENT OF MATERIAL FACTS IN SUPPORT OF THE PLAINTIFF'S RSPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff, Jamil Cooper, prisoner of the Pennsylvania Department of Corrections filing the "Plaintiff's Counter Statment of Material Facts in Support of the Plaintiff's Response in Opposition to Defendants Motion For Summary Judgement", pro se the Plaintiff Mr.Cooper submits this response for which he represents that defendants have failed to meet their burden of establishing that there is no genuine issue to be tried and represents the following:

1. Plaintiff Jamil Cooper ("Cooper"), an individual incarcerated by the Pennsylvania Department of Corrections ("DOC"), commenced the instant action by filing a verified complaint which was received by the court on December 28, 2020 (See *ge.* Doc 1.)

Answer: Denied; Accordingly the intial complaint was recevied by the Court and the action was initiated on the date of December 29, 2020. However the Plaintiff originally filed the complaint according to the Prison Mail Box rule on the date of Decment 2, 2020 as is indicated on the dated section of the initial complaint.

2. Some, named defendants filed an Answer and Affirmative Defenses to Cooper's subsequently filed [sic] a verified Amended Compliant. (*See gen* Doc. 77)

Answer: Denied all Identified Defendants filed their Answer and Affirmative Defenses (see Doc. 77)

3. The operative pleading is the Second Amended Complaint ("SAC") which Cooper verified and dated October 11, 2022. (Docs. 167 ▯ ,168 at 25.)

Answer: Admitted

4. Defendants Kachik and Narehood have been terminated from this action.

Ansswer: Admitted in part; Denied in part; It is admitted that defendants Kachik and Narehood have been terminated from suit,

However it is Denied that they were terminated from this action for any other reasons that due to the obstructionist tactics of former counsel for defendants Daniel J. Gallagher who intentionally delayed this action by refusing to cooperate with discovery practice identified two persons who did not participate in the numerous violations of the Plaintiff's recognized by the Law.

5. Defendants Unit Manager Miller ("U.M. Miller"), Wetzel, McClellan, Haldman, Houser,, Breese, Watson, T.Miller, Newpher, Weaver, Sampsel, Kuhn, Brubaker, Garman, McMahon, Holdren, Fultz,Eyer, Courdriet, Best, Fisher, Baney, Snyder, and Carper (collertively. Commonwerlth Defendants") filed an Answer and Affirmative Defenses to the SAC. (Doc 183.)

Answer: Admitted

6. Defendants raised and preserved the affirmative defense of bar to claim by statue of limitations

(Docs. 77 at 29 Sixth Affirmative Defense.)

Answer: Denied; it is the statement is Denied this is not a proper Statement of Material fact it is a mixed question of law and fact about defenses that have been raised and has not been proven by the fact finder. Furthermore it is Denied that the defense has been properly preserved.

7. Defendants raised and preserved the affirmative defense of failure to properly exhaust available remedies. (Docs. 77 at 29 Sixth Affirmative Defense, 183 at 20 Sixth Affirmative Defense.)

Answer: Denied; it is the statement is Denied this is not a proper Statement of Material fact it is a mixed question of law and fact about defenses that have been raised and has not been proven by the fact finder. Furthermore it is Denied that the defense has been properly preserved.

8. Defendants raised and preserved the affirmative defense of sovereign immunitty. (Docs. 77 at 29 Fourth Affirmative Defense. 183 at 20 Fourth Affirmative Defense.)

Answer: Denied; it is the statement is Denied this is not a proper Statement of Material fact it is a mixed question of law and fact about defenses that have been raised and has not been proven by the fact finder. Furthermore it is Denied that the defense has been properly preserved.

9. In [sic] grating in part and denying in part Defendants' motion to dismiss, this court ordered that:

    a. The motions were granted with respect to: (1) Plaintiff's 1983 claims against Defendants Wetzel and Garman; (2) Plaintiff's claims against Defendants Brubaker, McMahon, Houser, and T. Miller regarding the handling of his grievances and misconduct appeals; and (3) Plaintiff's Fourteenth Amendment due process claim regarding the loss of property. (Doc 72 ¶ 2a)

    b. Additionally, Plaintiff is not permitted [sic] file a second amended compliant with respect to the claims that were dismissed. (Docs. 71 at 22, 72 ¶ 2a)

Answer: Objection; this matter is Objected to being that it is not related to the matters asserted in the Second Amended Complaint which is the controlling Complaint for this matter.

Both questions are Denied; paragraph (a) is Denied in part, and Affirmed in part. It is Denied because the Plainitff has filed with court a Second Amended Complaint due to trickery of opposing counsel see (Doc #161, 162) regarding to the court's ruling on the Plaintiff's Motion for Sanctions. the claims and allegations set forth in the Second Amended Complaint are controlling. It is Affirmed that this was the ruling related to the Plainitff's First Amended Complaint.

paragraph (b) is Denied in total because the Plaintiff was allowed to file a Second Amended Complaint because of bad faith actions of former counsel Daniel Gallagher. see Plaintiff's Motion for sanctions (Doc# 161, 162 ).

10. Currently pending before the Court are (1) Plaintiff's Eighth Amendment claim; (2) Plaintiff's First Amendment retaliation and Fourth Amendment retaliatory due process claims; and (3)

(4)

Plainitff's neglegence claim. (Doc 72 ¶ 2b)

Answer: Objection this is not a proper Statement of Material fact. Admitted.

11. Defendants filed a motion for summary judgment (Doc.191), which was denied without prejudice to renewal following the newly extended discovery schedule deadline. (Doc.197)

Answer: Objection this is not a proper statement of material fact claim for the purpose of compliance with rule 56.1. Admitted.

12. Cooper's main prison since he entered the custody of the DOC in May of 2002, and during all times mentioned in his SAC, was Pennsylvania State Correctional Institution at Rockview in Bellefonte, Pennsylvania ("SCI Rockview"). (Doc. 168 3: Ex. D 8:10-12, 8:19-9:7.)

Answer: Admitted.

13. Cooper sent notice to the court that he is now at Pennsylvania State Correctional Institution Laurel Highlands in Somerset, Pennsylvania. (Doc. 206)

Answer: Objection this statement is not in compliance with rule 56.1, nor is this statement relevant to the above captioned case.

14. Cooper was and is a convicted and sentenced stated prisoner of the DOC at all timed mentioned in his Complaint, Amended Complaint, and SAC.. (Docs. 1 at 4, III: 1-1, 3; 168; 3.)

Answer: Admitted.

15. Cooper submitted grievance number 522861 in 2015 about the conditoins of his confinement. In that grievance, Cooper address raises his concerns about fire safety, unlit exit signs,

insufficient heating and cooling, and food safety violations. (Doc 168 at 90; Exhibit E)

Answer: Denied in part and Admitted in part; it is Denied that grievance number 522861 is the controling, and relevant grievance for this action because that is grievance #855986 see (Doc# 168 at 78 )

It is Admitted that the Plaintiff filed a grievance about the conditions of his confinement while housed on A-block at SCI-Rockview See (Plaintiff's Ex    ı, however all matters complained of in the Second Amended Complaint relate to the conditions of confinement Mr. Cooper was exposed to while housed on D-block at SCI- Rockview see (Doc #168 at 13,92,109)

16. Cooper states in his verified SAC that the condition problems are ongoing problems and have never gone away, and that birds have been residing there for years. (Doc 168 at 89-90.)

Answer: Admitted.

17. Cooper cannot show with competent admissible evidence that [sic] that the statue of limitations did not run or that he was unaware of his ongoing concerns since 2015.

Answer; Denied; the Plaintiff has no need to argue about the statute of limitations because the Complaint was timely filed with the Court within a calendar year of the filing of the controling grievance, #855986. See SAC (Doc #168 at 78 ) see Doc #1

18. Cooper alleges that the conditoins of confinement that "subjected [him] to gross inhumane and substandard prison conditoins not consistent with [his criminal] sentence" and destroyed his property  include two massive water leaks flooding into the cells that housed Cooper and other inmates (Doc 168 at 4, 35, 91, 105)

Answer: Admitted in part and Denied in part; It is Admitted that The Plaintiff was subjected to gross, inhumane, and substandard prison conditions not consistent with his criminal sentence and that there are two separate events of massive flooding that caused for the Plaintiff's property to be destroyed due to leaks flooding into cells that housed the Plaintiff and other similarly situated individuals on D-block.

It is furthermore Denied that the Plaintiff's 8th Amendment claims are limited to those issues, beacuse the plaintiff also asserted a claim of Deliberate Indifference against defendant McClellan see (Doc#168 at_____) this statement by defendants is denied.

19. Cooper cannot produce competent admissiable evidence that he was incarcerated under conditions imposing substantial risk of serious harm at any time covered by this suit.

Answer: Denied; it is Denied this statement is denied by the factual evidence provided by defendants and included by the Plainitff as Exhibits attached to his Brief in response to defendants Motion for Summary Judgment as indicated by but all claims are not limited to work orders provided by defendants showing a request to have "Someone clean the bird shit off ledges aound D block"at PL Ex. 0004 this request was cancele by the maintenance department.

20. Cooper is concerned about the incidental contact with oleoresin capsicum ("OC") spray. (Doc. 168 ¶ 86.)

Answer: Denied: It is Denied that the Plaintiff is only concerned about incidental contact with Oleoresin Capsium in fact the Plaintiff has had incidental contact with OC spray and he was not provided with the opportunity of decontamination and was subjected to suffer the same affects as if he was the deviant party that the spray was intended for.

21. Cooper cannot show competent admissible evidence that he meets the subjective or objective elements, or that he has sustained any injury from the conditions that he alleges.

Answer: This Statement is Denied and is defeated by the aguments set forth in the Plaintiff's brief in response to defendants Motoin for Summary Judgment. furthermore the Plaintiff's claim's are supported by the many witnesses that have sworne under the pain of perjury by Affidavit as attached as Exhibits to the Plaintiff's Response.

By: _____
Jamil Cooper #EZ3208
SCI-Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, Pa 15501

## CERTIFICATE OF SERVICE

I hereby certify tha I have caused to be served a copy of the "Plaintiff's Counter Statement of Material facts in supoort of the Plaintiff's Rsponse in Opposition to defendant's Motion for Summary Judgment" on the date below and that such satisfies the service requirements of the Federal R. of Civil. P.

Office of the Attorney General
Lauren Gillius
Strawberry Square
15th Floor
Harrisburg, PA 17120

Date: Dec 14, 2024

By: _____
Jamil Cooper #EZ3208
SCI-Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, Pa 15501

~~Sent Communications/PADOC~~

SCI- Laurel Highlands

Name Jamil Cooper

Number EZ3208

5706 Glades Pike
P.O. Box 631
Somerset, PA 15501

To: Office of the Clerk
United States Courthouse
Middle District of Pennsylvania
1501 North 6th Street
Harrisburg, PA 17102

PA DEPT OF CORRECTIONS
INMATE MAIL

US POSTAGE PITNEY BOWES
ZIP 15501
02 1W
0001402765 DEC 20 2024
$000.97

RECEIVED
HARRISBURG, PA
DEC 26 2024
PER _____
DEPUTY CLERK

17102$1109 C028