IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL COOPER, | : | |
| **Plaintiff** | : | No. 1:20-cv-02430 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNIT MANAGER MILLER, <u>et al.</u>, | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Pro se Plaintiff Jamil Cooper ("Cooper") is currently proceeding on his second amended complaint, in which he asserts claims for declaratory relief and monetary damages under 42 U.S.C. § 1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution as well as state-law negligence claims against twenty-four (24) employees of the Commonwealth of Pennsylvania Department of Corrections ("DOC"), all but one of whom was allegedly employed at Pennsylvania State Correctional Institution Rockview during the events described in Cooper's second amended complaint. (Doc. No. 168.) Defendants have filed a motion for summary judgment, which is fully briefed. (Doc. Nos. 207, 209, 210, 214, 215, 219.) Cooper has also filed a motion to file a sur-reply brief. (Doc. No. 220.)

The Court will deny Cooper's motion for leave to file a sur-reply brief because it is unnecessary in this case. With this motion resolved, the Court would ordinarily conclude that Defendants' motion for summary judgment is ripe for resolution. However, in this circumstance, the Court's consideration of Defendants' motion is hindered by their failure to comply with Local Rule 56.1 by neglecting to include, in their statement of undisputed material facts ("SUMF"), factual averments supporting their legal arguments.

Local Rule 56.1 provides, in relevant part:

> A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> . . .
>
> Statements of material facts in support of, or in opposition to, a motion shall include references to parts of the record that support the statements.

See M.D. Pa. L.R. 56.1. As the Third Circuit Court of Appeals has stated:

> Local Rule 56.1 was promulgated to bring greater efficiency to the work of the judges of the Middle District. As opinions from that Court have explained, the Rule "is essential to the Court's resolution of a summary judgment motion" due to its role in "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence."

See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613 (3d Cir. 2018) (quoting Kramer v. Peerless Indem. Ins. Co., No. 08-cv-02096, 2010 WL 11553711, at *1 (M.D. Pa. Apr. 21, 2010)); see also Hartshorn v. Throop Borough, No. 07-cv-01333, 2009 WL 761270, at *3 (M.D. Pa. Mar. 19, 2009) ("The purpose of [Rule 56.1] is to structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion" (internal quotation marks omitted)).

Here, as their supporting brief demonstrates (Doc. No. 209), Defendants argue that they are entitled to summary judgment on Cooper's (1) Eighth Amendment claims because he fails to show their personal involvement in his alleged constitutional violations and the described conditions were not sufficiently serious; (2) First Amendment retaliation claims because Cooper's claimed retaliatory action was inconsequential and he failed to present any evidence that a grievance he filed was a substantial or motivating factor for the issuance of a misconduct

against him; and (3) state-law negligence claim because they are entitled to sovereign immunity. See (id. at 8–13). Defendants also request that the Court strike Cooper's requests (1) for compensatory damages because he does not allege that their conduct caused him to suffer a physical injury and (2) for "equitable relief" as moot because he is no longer incarcerated at SCI Rockview. See (id. at 14–15).

Defendants' SUMF consists of twenty-five (25) numbered paragraphs. (Doc. No. 210 at 1–6.) Those numbered paragraphs include: thirteen (13) paragraphs in which Defendants recite some of the procedural history in this case, see (id. ¶¶ 1–13); three (3) references to DOC policies, see (id. ¶¶ 22–23, 25);[1] three (3) paragraphs seemingly related to the statute of limitations, see (id. ¶¶ 15–17); three (3) paragraphs in which Defendants assert that Cooper cannot prove or show "competent admissible evidence" to support his claims, see (id. ¶¶ 17, 19, 21); two (2) paragraphs describing allegations in Cooper's second amended complaint, see (id. ¶¶ 18, 20); one (1) paragraph indicating that Cooper is a convicted and sentenced state prisoner, see (id. ¶ 14); and one (1) paragraph describing an informal misconduct issued to Cooper in February 2020, see (id. ¶ 24).

---

[1] Defendants request that the Court take judicial notice of DC-ADM 203, the DOC's 2017 Inmate Handbook, and DC-ADM 801, all of which are supposedly available on the Commonwealth of Pennsylvania's website (www.pa.gov). See (Doc. No. 210 at 6 nn.1–3). However, the links provided by Defendants to purportedly access the 2017 Inmate Handbook and the version of DC-ADM 801 which was in effect during the relevant period in this case are ineffective because they provide access to copies of the DOC's 2023 Inmate Handbook and a version of DC-ADM 801 which became effective on January 22, 2024. Defendants are encouraged not to simply provide links to official documents and request that the Court take judicial notice of them when they have access to the documents, can copy them, and provide them to the Court as exhibits to their motion for summary judgment. While that may have been more convenient and expeditious for them, it has not been so for the Court. In addition, to the extent any policies are procedures are applicable in this case, they should be set forth in detail in Defendants' SUMF.

Except for the final two (2) paragraphs referenced above, see (id. ¶¶ 14, 25), none of the other paragraphs in the SUMF identify facts relating to Defendants' arguments in their brief.  For instance, Defendants put forth facts in the SUMF that could potentially relate to affirmative defenses for failure to exhaust and the statute of limitations, see (id. ¶¶ 15–17, 22–23, 25); however, there are no arguments relating to exhaustion or the statute of limitations in their brief. See (Doc. No. 209).  Similarly, Defendants contend that the conditions of Cooper's confinement were not serious enough to constitute a constitutional violation but fail include any facts in their SUMF about Cooper's conditions of confinement.  Overall, Defendants' SUMF appears to be entirely disconnected from their supporting brief.

Because of the way Defendants present their motion for summary judgment, they have deprived the Court of an ability to "organiz[e] the evidence, identify[] undisputed facts, and demonstrate[] precisely how each side proposed to prove a disputed fact with admissible evidence." See Weitzner, 909 F.3d at 613.  Moreover, over half of Defendants' paragraphs in their SUMF are recitations of the procedural background in this case, which are not facts for the Court to consider when determining whether summary judgment is appropriate.  Accordingly, the Court concludes that Defendants have failed to properly support their motion for summary judgment as required by Local Rule 56.1.

"When a moving party fails to comply with Local Rule 56.1 'the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.'" Abu-Jamal v. Kerestes, No. 15-cv-00967, 2018 WL 2166052, at *14 (M.D. Pa. May 10, 2018) (quoting Landmesser v. Hazleton Area Sch. Dist., 982 F. Supp. 2d 408, 412 (M.D. Pa. 2013)), aff'd in part, appeal dismissed in part, 779 F. App'x 893 (3d Cir. 2019). The appropriate sanction for violating Local Rule 56.1 is a matter entrusted to the district court's

discretion.  See Weitzner, 909 F.3d at 614.  Here, the Court concludes that denial of Defendants'

motion for summary judgment for failure to comply with Local Rule 56.1 is appropriate.  See

Landmesser, 982 F. Supp. 2d at 412 (dismissing motion for summary judgment for failure to

comply with Local Rule 56.1); Carts v. Wings Over Happy Vally MDF, LLC, No. 17-cv-00915,

2022 WL 22887594, at *3 (M.D. Pa. Mar. 28, 2022) (denying Defendants' motion for summary

judgment without prejudice for noncompliance with Local Rule 56.1); Hickey v. Merritt-Scully,

No. 18-cv-01793, 2021 WL 949448, at *2 (M.D. Pa. Mar. 12, 2021) (denying plaintiff's motion

for summary judgment for failure to comply with Local Rule 56.1 where the material facts were

"impermissibly contained within her brief in support of her motion," noting that such an

approach "frustrates rather than facilitates the purposes of Local Rule 56.1 and Fed. R. Civ. P.

56").  However, in the exercise of its discretion, the Court will permit Defendants to refile their

motion for partial summary judgment, this time in strict compliance with Local Rule 56.1, on or

before October 21, 2025.[2]

AND SO, on this 30th day of September 2025, in accordance with the foregoing, **IT IS**

**ORDERED THAT**:

1.    Defendants' Motion for Summary Judgment (Doc. No. 207) is **DENIED
      WITHOUT PREJUDICE**;

2.    Cooper's motion for leave to file a sur-reply brief (Doc. No. 220) is **DENIED AS
      MOOT**;

3.    Any dispositive motions shall be filed in strict compliance with Local Rule 56.1,
      on or before **October 21, 2025**;

---

[2] As indicated above, Cooper names twenty-four (24) Defendants in his second amended
complaint.  If Defendants decide to refile a motion for summary judgment, they should ensure
that they specify how each of them is entitled to summary judgment, including identifying the
alleged lack of genuine disputes of material fact in the record relating to Cooper's claims against
them.

5

4.    If Defendants timely file a dispositive motion in accordance with paragraph three (3) of this Order, Cooper shall have **<u>thirty (30) days</u>** from Defendants' filing of a dispositive motion to file a response which complies with the Federal and Local Rules.


<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania